UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| State of Qatar,<br><br>                                   Plaintiff,<br><br>v.<br><br>First Abu Dhabi Bank PJSC, Samba Financial Group SJSC, and John Doe Defendants 1-20,<br><br>                                   Defendants. | No. 19 Civ. 5567<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that Defendant Samba Financial Group SJSC ("Samba"), by and through its counsel, hereby removes Index No. 153601/2019 filed in Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1441(a), 1441(d), 1446(a), the Foreign Sovereign Immunities Act, the principles espoused in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), and the Act of State Doctrine.  Samba appears solely for the purpose of removal and reserves all rights and defenses.  As to grounds for removal, Samba states as follows:

1.  On April 8, 2019, the sovereign State of Qatar (the "Plaintiff") commenced a civil action by filing a Complaint in the Supreme Court of the State of New York, County of New York, under index number 153601/2019 (the "State Action"), against Samba and First Abu Dhabi Bank PJSC ("FAB" and, together with Samba, "Defendants").  Copies of all process, pleadings, and orders served upon Defendants are attached as Exhibit A-1 and Exhibit A-2, as required by 28 U.S.C. § 1446(a).

2. Plaintiff completed service of the Complaint upon FAB on May 16, 2019, and upon Samba on May 24, 2019.

3. The Complaint ("Compl.") alleges that Defendant, acting "in league with the blockading countries" as foreign states, or as agents or instrumentalities of foreign states, "launched a campaign of financial warfare against Qatar." Compl. ¶ 3 (attached within Exhibit A-1); *see also id.* ¶ 15 (Defendant FAB "has ties to the UAE government, and its largest shareholders include the Abu Dhabi Investment Council and the Mubadala Investment Company, which are sovereign wealth funds."); *id.* ¶ 16 (Defendant Samba "has ties to the Saudi government. Its largest shareholders include the government of Saudi Arabia and its sovereign wealth funds.").

4. According to the Complaint, the goal of the alleged conspiracy was to devalue Qatar's national currency so that Qatar would "not have the financial ability to host the 2022 World Cup, . . . leav[ing] an opening for [Saudi Arabia and the UAE] to make a bid to host the games as a regional event, instead of solely in Qatar." *Id.* ¶ 55. The Complaint alleges that Saudi Arabia and the UAE attempted to accomplish this goal by causing Defendants to offer fictitious quotes for, and to engage in suspect transactions in, the Qatari Riyal and other Qatari-based financial instruments. *Id.* ¶ 3. The Complaint further alleges that Saudi Arabia and the UAE "coordinated a public relations campaign against Qatar" that was designed to "amplify the effects of Defendants' manipulative conduct and increase the economic pressure on Qatar." *Id.* ¶ 118.

5. Based on the Complaint's allegations, this Court has original jurisdiction over this dispute—and the State Action is removable—for any of three independent reasons. First, as an alleged "foreign state," or as the agent or instrumentality of a foreign state, the Foreign

Sovereign Immunities Act guarantees Samba the "right to remove any civil action from a state court to a federal court." *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 489 (1983). Thus, removal is proper under 28 U.S.C. § 1441(d).

6. <u>Second</u>, "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). The State Action implicates significant federal issues. Plaintiff, itself a sovereign state, seeks the intervention of an American court to resolve a dispute between it and two other nations (each an important U.S. ally), Saudi Arabia and UAE. The relations between the United States and "other members of the international community must be treated exclusively as an aspect of federal law." *Republic of Philippines v. Marcos*, 806 F.2d 344, 352 (2d Cir. 1986). Thus, removal is proper under 28 U.S.C. § 1441(a).

7. <u>Third</u>, the State Action is removable under the Act of State Doctrine. "Every sovereign state is bound to respect the independence of every other sovereign state, and the courts of one country will not sit in judgment on the acts of the government of another, done within its own territory." *Underhill v. Hernandez*, 168 U.S. 250, 252 (1897). The Act of State Doctrine raises the uniquely federal question whether it is proper for United States courts to sit in judgment of a foreign state's actions. *See Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 424-25 (1964). Plaintiff's State Action requires a court to make that precise determination— namely, whether that court may sit in judgment of the sovereign acts of Saudi Arabia and the UAE. That determination, if it must be made at all, is best made by a federal court. Thus, removal is proper under 28 U.S.C. § 1441(a).

8. Defendants have not pleaded, answered, or otherwise appeared in the State Action.

9. This Notice of Removal was properly filed in this Court under 28 U.S.C. § 1446(a), because the State Action is pending in the Supreme Court of the State of New York, County of New York, which is located in this federal judicial district.

10. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

11. This Notice of Removal was timely filed pursuant to 28 U.S.C. § 1446(b).

12. FAB consents to the removal of the action to this Court, and will separately file with this Court its Consent to Removal.

13. A copy of this Notice of Removal and FAB's Consent to Removal will be promptly filed with the Clerk of Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446(d).

14. Notice of the filing of this Notice of Removal will be given promptly to Plaintiff, as required by 28 U.S.C. § 1446(d).

15. By removing to this Court, Samba does not waive any available defenses or admit any of the allegations made in the Complaint.

Dated:  June 14, 2019
New York, New York

                        LATHAM & WATKINS LLP


By:   /s/ Michael Lacovara
       Michael Lacovara
       Joseph Serino, Jr.
       885 Third Avenue
       New York, New York 10022
       Telephone: (212) 906-1200
       Facsimile: (212) 751-4864
       E-mail: michael.lacovara@lw.com
       E-mail: joseph.serino@lw.com

       *Attorneys for Defendant*
       *Samba Financial Group SJSC*