```
JAB5QATC                       conference
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

STATE OF QATAR,

           Plaintiff,           New York, N.Y.

     v.                   19 Civ. 5567 (AJN)

FIRST ABU DHABI BANK PJSC,
SAMBA FINANCIAL GROUP SJSC,

           Defendants.

------------------------------x

                           October 11, 2019
                           3:55 p.m.

Before:

              HON. ALISON J. NATHAN,

                        District Judge

                  APPEARANCES

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
     Attorneys for Plaintiff
BY:  GEOFFREY R. CHEPIGA
     ANDREW J. EHRLICH
     DANIEL J. KRAMER
     HALLYE GOLDBLATT
     CAMERON FRIEDMAN

AKIN GUMP STRAUSS HAUER & FELD, LLP
     Attorneys for Defendant First Abu Dhabi Bank
BY:  ROBERT H. PEES

LATHAM & WATKINS, LLP
     Attorneys for Defendant Samba Financial
BY:  MICHAEL LACOVARA
     JOSEPH SERINO, JR.

1               (Case called)
2               THE COURT:  Good afternoon.  I will take appearances
3    of counsel, starting with counsel for the plaintiff.
4               MR. KRAMER:  Good afternoon, your Honor.  Daniel
5    Kramer from Paul Weiss for plaintiffs.  With me at counsel
6    table are Andrew Ehrlich, Jeff Chepiga, Hallye Goldblatt, and
7    Cameron Friedman.
8               THE COURT:  Good afternoon.
9               MR. EHRLICH:  Good afternoon, your Honor.
10              THE COURT:  For the defendant?
11              MR. LACOVARA:  Good afternoon, your Honor.  Michael
12   Lacovara from Latham & Watkins with my partner Joe Serino for
13   defendant Samba Financial.
14              THE COURT:  Good afternoon.
15              MR. PEES:  Good afternoon, your Honor.  Robert Pees of
16   Akin Gump for defendant First Abu Dhabi Bank.
17              THE COURT:  We are here for our initial pretrial
18   conference in this matter.  I do have your October 4th, 2019
19   letter and that indicates your disputes as to how to proceed.
20   I do also have what looks to be an interesting, fully briefed
21   motion to remand which is in the queue but I am not ready to
22   hear you on that.  But, I am aware of it and recognize that
23   that is the basis for your disagreement.
24              So, why don't I just hear from you as to your proposal
25   as to how to proceed and I will give you resolution to that, at

```
JAB5QATC                       conference
```

1    least.
2            Mr. Ehrlich?
3            MR. KRAMER:  Daniel Kramer, your Honor.
4            THE COURT:  Mr. Kramer.  I apologize.
5            MR. KRAMER:  So, you are right, we have a threshold
6    dispute here about which Court this case should be in.  We
7    filed in New York State court.  We raised common law claims,
8    fraud and conspiracy against these banks for market
9    manipulation for sending manipulative bid ask quotes to
10   platforms here in New York that are run by Reuters and
11   Bloomberg and we are set to proceed in state court.  Defendants
12   removed, the motion is before your Honor.  They removed on
13   three grounds, initially.  I believe that they have withdrawn
14   the active state ground but before your Honor are FSIA issues
15   and also issues under Grable.  We are happy to get into that
16   today, your Honor, or set a date to get into it, whatever your
17   Honor would like, but that's really the threshold issue before
18   we get into, I am sure, conditional disputes about how the case
19   should proceed once we know where it's going to proceed.
20           THE COURT:  So, as much as this old civ pro professor
21   would love to get into that today -- you think I'm joking --
22   but I just haven't -- I have peeked at your briefs but because
23   there are about 200 motions ahead of them I am not in position
24   to have meaningful discussion about them yet.  I will, once it
25   rises in the queue, which I recognize is a threshold issue so

1  it will move up toward the top and I will get to it as soon as
2  I can.  I will let you know if I do want to bring you in for
3  oral argument which I suspect I will.  Among other things, it
4  will be interesting.
5           MR. KRAMER:  Yes, it will, your Honor.
6           THE COURT:  So I don't have a resolution -- that
7  doesn't resolve the question of whether you should just go
8  ahead and proceed with discovery because whether it is here or
9  in the state, discovery presumably will be had.
10          MR. KRAMER:  Agreed.  Could not agree with you more.
11 We think that there is going to be a lot of discovery in this
12 case.  We see no reason not to get started, it will happen one
13 place or the other.  Overwhelmingly, the documents are what the
14 documents are so we might as well, we have our document demands
15 out, we might as well get moving and make as much progress as
16 we possibly can and then your Honor will let us know whether
17 you agree with us that this belongs in state court or not.
18 But, let's not burden the time, let's use the time productively
19 to get the documents in and start the document review.
20          That is our view and we think that's the most
21 efficient way to go and it is not prejudicial to anyone because
22 they're going to have to do it one court or the other.
23          THE COURT:  Let me hear a differing view from
24 Mr. Lacovara or Mr. Pees.
25          MR. LACOVARA:  Thank you, your Honor.

1          I guess we have a couple of issues with what
2    Mr. Kramer just said.
3          First of all, discovery is going to proceed only if
4    there is a case.  Our position is not just that there is, that
5    the case should be heard by a federal court, but that then our
6    clients would be subject to immunity and there would be no case
7    at all.
8          We also believe there is no personal jurisdiction over
9    our client so the notion that the State of Qatar is going to
10   begin or repeat this massive third-party discovery that they
11   started already in state court, I think they had over 25
12   different entities that they were subpoenaing, I think it is
13   all well and good if you are the plaintiffs with the five
14   lawyers in the courtroom but it is not all well and good if you
15   are a third-party or a party that's going to be burdened with a
16   case that's not going to be in any United States court.  That
17   would be the first issue.
18         THE COURT:  So, just to play that out.  If I deny the
19   motion to remand, you would then file a motion to dismiss based
20   on immunity and personal jurisdiction?
21         MR. LACOVARA:  At least one or perhaps both.  It
22   depends on the ground on which the Court rules it has
23   jurisdiction.  If you recognize that the Foreign Sovereign
24   Immunities Act applies here, that our clients are subject to
25   that act, then we will anticipate filing a motion for dismissal

because our clients are immune from suit in the United States for these kinds of claims.

In any event, I believe -- and I won't speak for First Abu Dhabi, Mr. Pees's client, but Samba certainly anticipates filing motion for lack of personal jurisdiction in any event.

I would also add, as a practical matter, I am not sure how one does third-party discovery in a case invoking the subpoena power of a Court that it denies has subject matter jurisdiction.  That would seem to be a ground at least for a facial objection for every third-party recipient -- or recipient of a third-party subpoena, which would seem to me there is going to be delay on significant court resource while this threshold issue is determined.

So, our view is let's decide if we are in the right court, let's decide if there is a case to be had in the United States at all, and then start the document review which, just based on what the State of Qatar has tried already, will be enormous.

THE COURT:  And in state court your time for responsive pleading passed?  Or no.

MR. LACOVARA:  It did not, your Honor.

THE COURT:  So, discovery was propounded but nothing further than that?

MR. LACOVARA:  That is correct.  As far as I know, and I will certainly defer to Mr. Kramer and his colleague, I

believe no recipient of non-party discovery had propounded any documents yet.

And, to the prejudice point, the plaintiff is a sovereign, it suffers no prejudice if the case waits for the resolution of these threshold issues.  It's a case about replenishing amounts allegedly improperly lost by the treasury of a very wealthy state.  If the case gets moved to 2020 for discovery, no one suffers, your Honor.

THE COURT:  And if the case is back in state court, what is your posture there with respect to discovery?

MR. LACOVARA:  Our posture is the same as it is here, which is that if a Court has subject matter jurisdiction, we will have threshold motions as to jurisdiction and whether there is a well-pleaded complaint but, as you know, the practice and the rules on staying discovery or granting discovery, while a motion is pending are somewhat different across the street than they are here.

THE COURT:  With respect to the, I think this is for Mr. Pees, for the anticipated motion for lack of personal jurisdiction.

MR. PEES:  Correct, your Honor.

Defendant First Abu Dhabi Bank would also be asserting such a motion.  In addition to the motions that have been identified by Mr. Lacovara, I would point out I think both defendants would be challenging the pleading on its face under

Rule 12(b)(6) in the federal court or the state law equivalent and basically the theory is Occam's Razor -- there is a plausible claim here and we would be pointing out to the Court that the turbulence caused by the ending of diplomatic relations; land, sea, air travel; etc; all the items that are set forth in the complaint which, according to the complaint "de stabilized the Qatari economy," those are the factors that can ruffle currency and value of government bonds and that under the sort of simplest explanation, that's what happened here. That's the motion that we will be making in addition to the argument that there is no personal jurisdiction here and that there is a Foreign Sovereign Immunity Act offense.

Thank you, your Honor.

THE COURT: Let's say that I stay discovery pending resolution of the motion to remand. Then defendant's position is discovery should also remain stayed pending the briefing and resolution of the numerous motions you have just raised?

MR. PEES: Yes, your Honor.

In addition to the motions that we identified, there is a Rule 9(b) motion as well and I think that that's yet another reason why discovery should be stayed because we should get the best, most robust complaint, well-pleaded, with particulars required under both state or, as the case may be federal law, and the scope of discovery will be shaped by what are the alleged representations and when were they relied upon.

JAB5QATC                       conference

              So that's, I think, another reason to stay discovery, your Honor.

              MR. LACOVARA:  Perhaps one qualifier with that, your Honor.

              We do recognize that jurisdictional discovery might well be appropriate if we have a 12(b)(2) motion.  So, Samba Bank would at least not be opposed, in principle, to immediate jurisdictional discovery.  The plaintiffs are entitled to test it.

              THE COURT:  But you are opposed to it now before resolution of motion for remand.

              MR. LACOVARA:  As long as there is question about the Court's subject matter jurisdiction, we are opposed to any sort of discovery and would ask that those threshold issues would be resolved first.

              THE COURT:  Mr. Kramer?

              MR. KRAMER:  Your Honor, this is the bind that plaintiffs find themselves in when there is a removal and I think it is in part why, as part of the removal statute, Congress allows fee-shifting because we are in a position where, if defendants get their way, we won't even begin to start to talk about discovery for a year or two and that's just a real harm, not just to my client but to the courts.  So, our view is that sooner or later they're going to have to come up with their documents.

1    THE COURT: I mean, they won't if their dismissal
2    motions are granted.
3    MR. KRAMER: Well, not necessarily, your Honor.
4    Certainly jurisdictional discovery we will get and
5    this Court has discretion not to stay discovery pending other
6    motions and when you look at the briefing here, I certainly
7    hope your Honor agrees with us that there is no basis for the
8    removal. They've already withdrawn one of the three grounds,
9    the act of state. There is no act of state here that's being
10   challenged and, your Honor, we will be before you arguing the
11   other two grounds are equally meritless and all that they will
12   have accomplished is the delay that is improper with an
13   improper removal.
14   And that's the bind we are in. And then I will tell
15   you, because I can see the future, I can tell you what will
16   happen: They'll delay and delay and delay until the day of
17   judgment comes and then they're going to say do your discovery
18   in 30 days or 60 days, so they're going to jam us. And we are
19   just trying to get out ahead of that. That's all we are trying
20   to do.
21   So, certainly jurisdictional discovery, even they
22   admit they're going to have to do. We would like to get as
23   much done as we possibly can because we understand your Honor
24   has a queue, right, and we are in the queue and it is going to
25   take time, it is going to burden the Court, and we don't want

1   to sit around doing nothing for the next two, three, four, six
2   months.
3              THE COURT:  Here is what we will do.  This is my best
4   compromise.
5              I am going to stay discovery pending resolution of the
6   motion to remand.  I will, however require, following the
7   motion to remand if the case stays here, dismissal motions will
8   be due two weeks after resolution of that motion so you will
9   have to prepare for that eventuality.  Opposition to those
10  motions, one month after that.  Reply, two weeks later.  And I
11  will move as quickly as I can on the remand motion.  As I say,
12  I probably will bring you in for argument on that and I will
13  take up, if we do get past remand, the question of whether
14  discovery -- certainly not all discovery, at least
15  jurisdictional discovery during the time that the -- I mean,
16  you may need jurisdictional discovery for purposes of those
17  motions so we will take that up at the time but, at the very
18  least, any dismissal motions will be due two weeks after
19  resolution of the remand motion assuming it's denied.  Okay?
20             What else can I address at this time?
21             MR. KRAMER:  I think that's all we have, your Honor.
22  Thank you.
23             MR. LACOVARA:  Nothing further.
24             MR. PEES:  Nothing further from us, your Honor.
25             THE COURT:  Thank you.  Have a nice weekend.
                                 o0o